DILLINGHAM & MURPHY, LLP
WILLIAM F. MURPHY (STATE BAR. NO. 82482)
THOMAS C. CHOW (STATE BAR NO. 232580)
225 Bush Street, 6th Floor
San Francisco, California 94104-4207
Telephone:   (415) 397-2700
Facsimile:    (415) 397-3300

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
TURNER P. SMITH, ESQ. (Pro Hac Vice)
101 Park Avenue
New York, N.Y. 10178
Telephone:   (212) 696-6121
Facsimile:    (212) 697-1559

Attorneys for Plaintiff WORLD COURIER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD COURIER, INC., A New York Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DONEEN BARONE, JERRA LANGIT, SUMITRA NADARAJAH, and MARKEN LIMITED, dba MARKEN INTERNATIONAL COURIER SERVICE and MARKEN WORLDWIDE EXPRESS, a United Kingdom Corporation,<br><br>Defendants. | Case No. C 06-03072 TEH<br><br>**STIPULATION FOR AND ORDER RE: EXPEDITED DISCOVERY AND RETURN OF WORLD COURIER PROPERTY** |

Plaintiff World Courier, Inc. ("World Courier") and Defendants Doneen Barone, Jerra Langit, and Sumitra Nadarajah (collectively, the "Individual Defendants"), and Defendants Marken, Limited and Marken Worldwide Express (collectively, "Marken"), hereby stipulate as follows:

WHEREAS World Courier alleges that, prior to becoming employed by Marken, the Individual Defendants misappropriated confidential and protected business information and

other property of World Courier at the time or shortly before the Individual Defendants terminated their employment relationships with World Courier on April 28, 2006;

WHEREAS, to avoid any questions in the future regarding the contents of their respective computers at the present time, the Individual Defendants have permitted Deloitte & Touche ("Deloitte"), a neutral, third-party computer forensics firm jointly selected by counsel for all of the parties, to copy all data contained in all electronic storage media and computer memory devices used by any of the Individual Defendants or their immediate families as of May 18, 2006 (including, but not limited to: two hard drives delivered by Defendants Barone and Langit to Finestone & Richter; Defendant Barone's spouse's and childrens'computers; Defendant Langit's computer and her husband's computer; and defendant Nadarajah's computer), and have agreed that Deloitte shall maintain in escrow a pristine copy of all such electronic data until further agreement of the parties or order of this Court;

NOW, THEREFORE, World Courier, the Individual Defendants and Marken hereby stipulate, by and through their respective counsel, that the Court may enter the following Order:

1. To the extent such materials or information may currently exist within the possession, custody or control of any of the Individual Defendants or Marken: Marken shall promptly deliver to counsel for World Courier any World Courier property and any documents or emails containing confidential and protected business information or other property of World Courier obtained by virtue of the prior employment by World Courier of the Individual Defendants, and shall certify under penalty of perjury that all such documents have been delivered to World Courier and that, following the delivery of any such information in electronic media, that all such electronic media have been deleted from their computer systems; the Individual Defendants shall promptly deliver to counsel for World Courier any World Courier property and any documents or emails containing confidential and protected business information or other property of World Courier obtained by virtue of the prior employment by World Courier of the Individual

Defendants provided, however, that such electronic information resident on the computers impounded pursuant to paragraph 5 shall be turned over to Deloitte & Touche;

2. To the extent such materials or information may currently exist within the possession, custody or control of any of the Individual Defendants or Marken: Marken shall promptly deliver to counsel for World Courier all non-privileged documents or data derived from World Courier's confidential and protected business information or property which the Individual Defendants obtained by virtue of their prior employment by World Courier and shall certify under penalty of perjury that all such documents have been delivered to World Courier and that, following the delivery of any such information, that all such electronic media have been deleted from their computer systems; the Individual Defendants shall promptly deliver to counsel for World Courier all non-privileged documents or data derived from World Courier's confidential and protected business information or property which the Individual Defendants obtained by virtue of their prior employment by World Courier provided, however, that such electronic information resident on the computers impounded pursuant to paragraph 5 shall be turned over to Deloitte & Touche;

3. To the extent that any of the Individual Defendants or Marken physically or electronically possess any confidential and protected business information or other property of World Courier after the end of the Individual Defendants' employment with World Courier (April 28, 2006), pending a final ruling by the District Court regarding the alleged misappropriation, including the scope of any such misappropriation, if any, or a subsequent order of the District Court regarding the use of such material, the Individual Defendants and Marken are prohibited from, making any use or other employment of any and all of World Courier's confidential and protected business information, and other World Courier property, obtained by or through the Individual Defendants by virtue of their prior employment with

World Courier, including, but not limited to, any such data or information that may exist within the electronic data being maintained in escrow by Deloitte or that is deliverable to counsel for World Courier pursuant to Sections 1 or 2 herein.

4. Notwithstanding anything contained in Sections 1, 2 and 3, during the pendency of this action, counsel for the Individual Defendants and Marken shall be permitted to retain the originals, or to make copies, of any materials delivered to counsel for World Courier pursuant to paragraphs 1 and 2, and of any of the data currently being maintained in escrow by Deloitte, but such materials and data shall be used only for litigation purposes and shall not be used by or disclosed to the Individual Defendants or anyone employed by or affiliated with Marken for any purpose other than for use in the defense this litigation.

5. The Parties further stipulate that any computers or other electronic media belonging to the Individual Defendants and/or their families and/or otherwise under their control containing any World Courier information or property obtained by the Individual Defendants by virtue of their prior employment with World Courier shall be delivered immediately to Deloitte & Touche in San Francisco and shall be impounded there pursuant to the parties' existing agreement with Deloitte & Touche pending further agreement of the parties or an Order of the Court. The parties shall promptly meet and confer and attempt to reach agreement on the prompt release of any clearly personal information belonging to the Individual Defendants or their family members on any such impounded computers, as well as to provide prompt access to World Courier to download and analyze the images of those computers previously made by Deloitte & Touche, and potentially to compare those images to the actual hard drives as impounded.

6. In addition, it is further stipulated by and among the parties to this action, through their respective counsel, that the Court should enter the following discovery orders:

7. Defendants and each of them shall respond to plaintiff World Courier's First Request for Production of Documents, served with the Declaration of William F. Murphy on May 9, 2006, on or before Noon PDT on June 7, 2006.

8. World Courier is also given permission to conduct depositions of defendants Doneen Barone, Jerra Langit, Sumitra Nadarajah; Gerard Barba, and John Wagner; and to serve and receive responses to the subpoena duces tecum directed to, and to depose, David Arrant of Carefree Computing, Inc., 235 Montgomery Street, San Francisco, California. Said depositions shall be conducted at mutually agreed upon dates and times, shall each be limited to no more than 7 hours (without prejudice to an extension by the Court for good cause shown).

9. The parties further Stipulate that upon the Court's entry and filing of this stipulated Order, the hearing on Plaintiff's Application for a Temporary Restraining Order and Order to Show Cause, and Plaintiff's Motion for Expedited Discovery, currently set for hearing on June 7, 2006, shall be taken off calendar, without prejudice to Plaintiff's right to move for a Preliminary Injunction or to seek any other appropriate relief (and without prejudice to defendants' rights to oppose such a motion or other claims for relief or to seek other relief) based on information obtained during discovery or otherwise, including but not limited to a injunctive relief compelling the Individual Defendants and Marken to refrain from soliciting those World Courier customers for which the Individual Defendants have allegedly misappropriated from World Courier confidential and protected business information about said customers, currently believed by World Courier to be Quest Diagnostics, Theravance, MedImmune, Berlex, BioMarin, Connetics and Rinat, for business in California.

The parties have entered into this Stipulation and Order to eliminate the need for the Court to address World Courier's Application for Expedited Discovery, and World Courier's Application for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction.

1      This Stipulation for and Order shall not operate or be construed as an admission
2  or concession of liability on the part of the Individual Defendants, Marken, or any of them.

4  Dated: May 26, 2006      DILLINGHAM & MURPHY
    WILLIAM F. MURPHY
    THOMAS C. CHOW

    CURTIS, MALLET-PREVOST, COLT & MOSLE
    TURNER P. SMITH (Pro Hac Vice)

    By _____
    Attorneys for Plaintiff World Courier, Inc.

Dated: May 25, 2006      FINESTONE & RICHTER
    JOHN J. WALLER, JR.

    By _____
    Attorneys for Defendants Doneen Barone,
    Jerra Langit, Sumitra Nadarajah,
    Marken, Limited and Marken Worldwide Express

## ORDER

The Court, having reviewed the foregoing Stipulation and Order, and good cause appearing, hereby ORDERS that the foregoing Stipulation shall be and hereby is entered as the Court's Order. IT IS SO ORDERED.

Dated: May 30, 2006.

_____
Judge Thelton E. Henderson
DISTRICT JUDGE

Page 6 – Stipulation for And Order Re Expedited Discovery & Return of World Courier Property