**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   WORLD COURIER, INC.,                    No. C 06-03072 TEH

12            Plaintiff,

13      v.                                   **ORDER RE PRELIMINARY**
                                             **INJUNCTION**
14   DONEEN BARONE, et al.,

15            Defendants.
                                          /
16

17

18        This matter came before the Court on March 12, 2007, on Plaintiff World Courier,

19   Inc.'s ("Plaintiff's") Motion for Preliminary Injunction.  In particular, Plaintiff sought to

20   expand upon injunctive relief – originally stipulated to by the parties in May 2006 – in

21   light of facts revealed during recent discovery.  At the close of the hearing, the Court

22   informed the parties that it intended to grant additional injunctive relief but gave counsel

23   the opportunity to informally resolve the exact scope and terms of such relief.

24   Counsel subsequently agreed to the scope and terms of such additional relief except for

25   two relatively minor issues which they ask the Court to resolve. *See* March 19, 2007

26   letter from Thomas Chow (filed March 19, 2007, Docket No. 97).

27

28

United States District Court

For the Northern District of California

1    In general, the parties have agreed that the individual defendants shall be

2  precluded, for a period of 11 months, from soliciting business from the 57 entities

3  identified in Exhibit A to the March 19, 2007 letter.  They further agree that the

4  corporate Defendant, Marken, shall be precluded from soliciting business from the West

5  Coast offices of 54 of the 57entities identified in Exhibit A.  The parties further agree

6  that Marken *may* solicit business from the West Coast offices of Sony Pictures.  *See*

7  March 19, 2007 letter at 1-2.  The only points of disagreement are whether (1) Marken

8  should also be allowed to solicit business from the West Coast offices of Quest and

9  Novartis, and (2) whether the duration of the injunction against Marken should be four or

10  six months. *Id*.

11    With respect to the first issue, the Court concludes that Quest and Novartis

12  should be excluded from the injunction given that Marken had a preexisting business

13  relationship with these two entities.  With respect to the second issue, the Court

14  concludes that the agreed upon relief should extend for a period of six months given

15  Plaintiff's strong evidentiary showing in support of its motion.

16    Indeed, as this Court previously indicated at the hearing, the Court finds that

17  Defendants' version of the events at issue are not credible, and that the record, as it

18  currently exists, strongly indicates that the individual Defendants planned, along with

19  Marken, to utilize confidential data to solicit Plaintiff's customers.  Indeed, the evidence

20  indicates that Defendants were willing to go to considerable lengths in furtherance of this

21  plan.  In short, a clear pattern of improper behavior amply supports the additional

22  protection sought by Plaintiff and provided for by this Order.   Notably, Defendants have

23  agreed to all of the relief ordered below except for the fifth and sixth months of the

24  injunction governing Marken.

25

26

27

28

United States District Court
For the Northern District of California

1    Accordingly, and good cause appearing, it is HEREBY ORDERED as follows:

2    1.  As to Defendants Doneen Barone ("Barone") and Jerra Langit ("Langit"),[1]

3    there will be no solicitation, contact, or other involvement of any kind related to any

4    entity listed on Exhibit A to the letter of March 19, 2007 ("Exhibit A") (Docket No. 97)

5    for a period of 11 months from the date of this Order.  Without limiting the generality of

6    the foregoing, Barone and Langit may not be involved in establishing any pricing with

7    respect to any of those customers.  Any inquiries by any customers identified on Exhibit

8    A directed to Barone and Langit must be directed to someone else at Marken.  Any such

9    inquiry initiated by a customer shall not be deemed a prohibited contact or involvement,

10   provided it is limited to redirecting the inquiry and no other involvement.

11   2.  With respect to Marken, for a period of 6 months from the date of this Order

12   no one at Marken will solicit business from a California, Oregon or Washington office of

13   any entity list on Exhibit A, with the exception of Quest, Novartis and Sony Pictures.

14   With the exception of the restrictions regarding the activities of Barone and Langit set

15   forth above, there shall be no restrictions on Marken's ability to continue to service or to

16   respond to inquiries from customers wherever located during the period of restriction.

17   A separate order on Plaintiff's Motion for Sanctions for Spoliation will be

18   forthcoming.

21   **IT IS SO ORDERED.**

23   Dated: March 29, 2007

THELTON E. HENDERSON
UNITED STATES DISTRICT
JUDGE

28   [1]Counsel represented at the hearing that the Defendant Sumitra Nadarajah is no longer employed with Marken.

3