IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WORLD COURIER,

                              Plaintiff,

        v.

DONEEN BARONE, et. al.,

                              Defendants.

NO. C 06-3072 TEH

ORDER RE PLAINTIFF'S
MOTION FOR EVIDENTIARY
AND MONETARY
SANCTIONS FOR
SPOLIATION OF EVIDENCE

## I.  INTRODUCTION

This matter came before the Court on March 12, 2007 for hearing on Plaintiff's motion for evidentiary and monetary sanctions for the spoliation of evidence.  Having carefully considered the parties' written and oral arguments, the Court hereby GRANTS IN PART and DEFERS IN PART Plaintiff's motion for the reasons stated below.

## II.  DISCUSSION

Plaintiff moves for sanctions for the spoliation of evidence due to the admitted destruction of a hard drive containing a copy of World Courier's data by Defendant Barone's husband, Jay Barone.  Plaintiff seeks two types of sanctions for this spoliation.  First, Plaintiff seeks an adverse inference jury instruction.  Second, Plaintiff seeks monetary sanctions in the form of (1) attorney's fees associated with discovery related to the destroyed hard drive, and (2) attorney's fees for the preparation and litigation of the motion for sanctions.  Each of these requested sanctions will be discussed in turn.

As a preliminary matter, Defendants first argue that they cannot be sanctioned because the spoliator, Jay Barone, is not a party to this action.  This argument lacks merit because it overlooks a party's affirmative duty to preserve relevant evidence both prior to and during trial.  "The duty to preserve material evidence arises not only during litigation but also

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1   extends to that period before the litigation when a party reasonably should know that the

2   evidence may be relevant to anticipated litigation." *Kronisch v. United States*, 150 F.3d 112,

3   126 (2d Cir. 1998).  Further, courts have extended the affirmative duty to preserve evidence

4   to instances when that evidence is not directly within the party's custody or control so long

5   as the party has access to or indirect control over such evidence.  *See, e.g., King v. American*

6   *Power Conversion Corp.*, 181 Fed. Appx. 373 (4th Cir. 2006); *Silvestri v. General Motors*

7   *Corp.*, 271 F.3d 583 (4th Cir. 2001).  Here, the record indicates that while Jay Barone

8   destroyed the hard drive, Defendant Doneen Barone was in regular contact with her husband

9   about this matter during the relevant time period and the hard drive was kept at the Barone

10  residence.  Indeed, it is difficult to imagine a scenario in which a husband would secretly

11  create a copy of, and subsequently destroy, a hard drive relating to his spouse's pending legal

12  matters and professional career without any knowledge, support or involvement of his wife.

13  As such, Defendant Barone at least had access to or maintained indirect control over the hard

14  drive, and therefore she had an affirmative duty to preserve it.  Therefore, the Court

15  concludes that Defendants cannot avoid sanctions in this instance merely because Jay Barone

16  is not a party.

17

18  **III.  ADVERSE INFERENCE INSTRUCTION**

19          Plaintiff has requested an adverse inference instruction as an evidentiary sanction for

20  the spoliation of evidence.  The Court may issue such an instruction under its inherent

21  authority.  Several district courts in California have adopted the Second Circuit's  3-part test

22  to decide whether the specific sanction of an adverse inference instruction is appropriate.

23  This test requires that a party seeking such an instruction establish that (1) the party having

24  control over the evidence had an obligation to preserve it; (2) the records were destroyed

25  with a culpable state of mind; and (3) the destroyed evidence was relevant to the party's

26  claim or defense."  *Residential Funding Corp. v. DeGeorge Fin. Corp*, 306 F.3d 99, 105 (2d

27  Cir. 2002) (followed by *In re Napster*, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006);

28  *Hamilton v. Signature Flight Support Corp.*, No. C 05-0490, 2005 WL 3481423, at *3 (N.D.

2

**United States District Court**
For the Northern District of California

1  Cal. Dec. 20, 2005); *AmeriPride Svcs, Inc. v. Valley Indus. Svc., Inc.*, No. CIV S-00-113,

2  2006 WL 2308442, at *5 n.6 (E.D. Cal. Aug. 9, 2006)).

3  Here, Plaintiff has satisfied each of these elements.  First, Defendant Barone was on

4  notice of the potential relevance of the evidence to the instant litigation as early as May 8,

5  2006, prior to the destruction of the hard drive, when she spoke with Marken's counsel

6  regarding the ACT database.  Decl. of Turner P. Smith, Ex. F, D. Barone Tr. 9-10.  Indeed,

7  Defendant Barone acknowledged that she knew that she should not destroy any documents or

8  data that may be relevant to the lawsuit.  *Id.* at 22-23.  Second, the "mental culpability" factor

9  is satisfied where the party acted "knowingly or . . . negligently."  *Residential Funding*

10  *Corp.*, 306 F.3d at 108 (quoting *Byrnie v. Town of Cromwell*, 243 F.3d 93, 109 (2d Cir.

11  2001)).  Here, the evidence indicates that Doneen was at least negligent, and more likely

12  knowingly willful, in failing to prevent the spoliation of relevant evidence by her husband.

13  Third, the hard drive was relevant because it contained a copy of the ACT database, the very

14  data that forms the basis for Plaintiff's claim of misappropriation of trade secrets.

15  Accordingly, the Court concludes that an adverse inference instruction would be appropriate

16  in this case.

17  The Court concludes, however, that it would be premature at this time to determine

18  the specific terms of such an instruction without the benefit of a full evidentiary record.

19  Notably, Plaintiff also did not identify the precise instruction sought in its motion papers.

20  For this reason, the Court hereby GRANTS Plaintiff's motion for an adverse inference

21  instruction, but defers ruling on the specific terms of such instruction.  Plaintiff may submit a

22  proposed instruction along with authority supporting the specific terms of the instruction

23  sought when Plaintiff submits its other proposed jury instructions pursuant to the schedule set

24  forth in the Court's August 15, 2006 Order for pretrial preparation.

25

26

27

28

**United States District Court**
For the Northern District of California

## IV.  MONETARY SANCTIONS

Plaintiff also seeks monetary sanctions consisting of compensation for the time and expense involved in the forensic examination of computer files, the time and costs associated with developing deposition testimony and document discovery, and the costs of attorney's fees associated with litigating this motion.  A trial court has the discretion to impose a wide array of sanctions under its inherent authority, and "assessment of attorney's fees is undoubtedly within a court's inherent powers." *Chambers v. NASCO*, 501 U.S. 32, 44-45 (1991).  As the Plaintiff correctly acknowledges, sanctions under the court's inherent power are generally made upon a finding that a party has acted in bad faith.  As the Court indicated at the March 12, 2007 hearing, the record certainly contains evidence indicative of bad faith. The Court concludes, however, that it will be able to better evaluate the degree and nature of Defendants' conduct after the record is fully developed at trial.  Accordingly, the Court defers Plaintiff's request for monetary sanctions pending trial.   Prior to trial, Plaintiff shall submit a declaration as to the precise amount of monetary sanctions it is seeking to recover.

## V.  CONCLUSION

Plaintiff's motion for sanctions for spoliation of evidence is GRANTED IN PART and DEFERRED IN PART consistent with this order.  Plaintiff is invited to submit a proposed adverse inference jury instruction along with supporting legal authority when it submits its other proposed jury instructions.  Additionally, Plaintff's motion for monetary sanctions shall be deferred pending trial so that the Court may better evaluate the level of bad faith conduct at issue in this case.

**IT IS SO ORDERED.**

Dated: April 13, 2007                 _____
                                                    THELTON E. HENDERSON, JUDGE
                                                    UNITED STATES DISTRICT COURT

4